BUTLER'S ESTATE v. McQUARTERS.

Division A. Nov. 27, 1950.

No. 37621 (48 So. (2d) 617)

W. A. Geisenberger, for appellant.

Laub, Adams, Forman & Truly, for appellee.

Lee, J.

Willie Butler died on December 23, 1948, from injuries received in the course of his employment. Several days thereafter, his father and other relatives filed a petition for the appointment of an administrator, and for authority to employ counsel. On January 4, 1949, the court

ordered issuance of letters of administration, and ratified the institution of suit. On January 21, 1949, Alberta Russell, claiming to be the widow of Willie Butler by reason of a common-law marriage, filed a petition for the removal of the administratrix theretofore appointed. The sole question before the court was whether or not Alberta Russell and Willie Butler were husband and wife under a common-law marriage. From an adverse decision, the complainant has appealed here.

The complainant below offered evidence to this effect: Alberta Russell and Willie Butler commenced their relations about the year 1942 or 1943. They called each other wife and husband, respectively, and introduced each other as such. They lived in the house together. She cooked, washed, and ironed, and did all domestic acts in the household. He paid the rent and furnished means of livehood. They slept in the same bed, and held themselves out as husband and wife. The general reputation bore out that relationship, and it continued from the inception until his death. There was no civil or ceremonial marriage.

The defendants below offered evidence to show the following: Alberta Russell, from an early love affair, gave birth to an illegitimate child when she was 13 years old. She then became the mistress of another man for a period of time. Thereafter, she went to live with Charlie Butler, who was a half brother of Willie Butler, and she lived with him for about seven years under the same conditions and circumstances as she later lived with Willie. They slept together in the same bed, and held themselves out as husband and wife. Willie came to live with them, and shortly thereafter, Alberta left Charlie for Willie. On the witness stand, she denied that she had ever lived with Charlie. One witness testified that she denied that she was Willie's wife while living with him. Her name, on the church roll as Alberta Russell, was never changed after the alleged common-law

marriage. Charlie is still living; and he and Alberta were never divorced.

The evidence was in sharp conflict and dispute, which necessarily had to be resolved by the chancellor. If believed, the evidence was sufficient to sustain a common-law marriage as between Alberta and Charlie. Likewise, with the same qualification, it was sufficient to show such relationship as between Alberta and Willie. The one contention was about as strong as the other. ██ █ If the first relation between Alberta and Charlie was a common-law marriage, not having been dissolved, it would operate as an impediment to the consummation of a like marriage between Alberta and Willie. Besides, under all the facts, the court was justified in finding that the evidence was insufficient to establish such a marriage between Alberta and Willie in view of her denial.

██ █ Of course, a common-law marriage, that is, ''an agreement between a man and woman to then and there become husband and wife followed by cohabitation'' is recognized in our state. Sims v. Sims, 122 Miss. 745, 85 So. 73, 74. But each case must stand on its particular facts. ██ █ And it is a fact that, if the parties are in good repute, cohabitation and reputation have more weight as proof of the marriage; and evidence of the woman's character for virtue is admissible for the purpose of determining the nature of cohabitation. 35 Am. Jur., 329.

██ █ It is obvious that the evidence was sufficient to sustain the chancellor in his findings of fact. Of course, such findings, when based on substantial evidence, will not be reversed on appeal. Martin v. Hartley, 208 Miss. 112, 43 So. (2d) 875; Meek v. Humphreys County, 133 Miss. 386, 97 So. 674; and Howell v. Shannon, 80 Miss. 598, 31 So. 965.

Affirmed.