ON PETITION FOR REHEARING
The petition for rehearing is granted, the former opinion in this case rendered December 1, 1982, is withdrawn, and this opinion is substituted therefor.
This is an appeal from the Chancery Court of Clay County wherein Emma Gunn Webber, appellant, filed a petition to determine heirship, alleging herself to be a lawful heir of Mack Kidd, deceased. John H. Kidd, appellee, the son of Mack Kidd, answered the petition, denying the material averments thereof and by way of a plea in bar asserted Webber's petition was barred by the six-year statute of limitations. A hearing was held on the plea in bar. Thereafter, the chancellor found that Webber's petition was barred by Mississippi Code Annotated section 15-1-49
(1972). From a decree dismissing her petition, Webber appeals. We reverse.
Appellant filed her petition in the Chancery Court of Clay County, praying that she be recognized as an heir at law of Mack Kidd, deceased. She was born on January 7, 1940, and asserted that she was first told decedent was her father when she was approximately three or four years of age.
The evidence established that decedent was married to Martha Kidd prior to 1940, their only child being born June 25, 1926. *Page 634 
Decedent remained married to Martha Kidd up until the time of his death.
The chancellor, following a hearing on appellee's plea in bar, found appellant's action was barred by the six-year statute of limitations after appellant reached her majority. A final decree was entered accordingly.
Did the chancellor err in holding that appellant's cause of action was barred by the six-year statute of limitations as provided in section 15-1-49 (1972)?
The following list of chronological events is necessary for a complete understanding of this cause:
 (1) 1-7-40 Emma Gunn Webber (appellant) was born.
 (2) 1-7-61 Emma Gunn Webber attained the age of 21.
 (3) 4-26-77 Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), was decided by the United States Supreme Court.
 (4) 7-78 Mack Kidd died.
 (5) 5-29-80 Emma Gunn Webber filed her petition to determine heirship in the Chancery Court of Clay County.
 (6) 4-1-81 Knight v. Moore, 396 So.2d 31 (Miss. 1981), was decided by the Mississippi Supreme Court.
 (7) 5-20-81 Emma Gunn Webber's petition to determine heirship was dismissed by the Chancery Court of Clay County on the basis of Knight, supra.
 (8) 7-1-81 MCA § 91-1-15(2) (Supp. 1981) became effective.
Appellant's petition in the cause sub judice was a petition to determine heirship under Mississippi Code Annotated section9-1-27 (1972). The chancellor, relying on our decision in Knightv. Moore, 396 So.2d 31 (Miss. 1981), dismissed appellant's petition on the ground that such was barred by our six-year statute of limitations as provided in section 15-1-49. The learned chancellor reasoned that appellant's action was barred because it was not filed within six years after appellant became twenty-one years old.
This cause is not a paternity action, but an action to determine heirship pursuant to section 91-1-27 (1972), which provides as follows:
 In all cases in which persons have died, or may hereafter die, wholly or partially intestate, having property, real or personal, any heir at law of such deceased person, or any one interested in any of the property as to which he shall have died intestate, may petition the chancery court of the county in which said deceased had his mansion house or principal place of residence, or in which any part of his real estate may be situated, in case he was a nonresident, setting forth the fact that said person died wholly or partially intestate, possessed of real or personal property in the State of Mississippi, the names of the heirs at law or next of kin, and praying that the person named in said petition be recognized and decreed to be the heir at law of said deceased.
Before the United States Supreme Court decided Trimble v.Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), appellant had no cause of action under our laws governing intestate descent and distribution because of section 91-1-15
(1972). Nor was a paternity proceeding a prerequisite to an action under the aforementioned statute. At the time appellant instituted her action, Mississippi Code Annotated section 93-9-13
(1972)[1] provided as follows:
 The obligation of the estate of the father for liabilities under sections 93-9-1 to 93-9-49 are limited to amounts accrued prior to his death. However, in order to hold the estate of the father liable under sections 93-9-1 to 93-9-49, *Page 635 
an action hereunder must have been commenced during the lifetime of the father.
Pursuant to this statute, appellant could not have maintained a paternity action after Mack Kidd's death. The authorities are almost unanimous that a paternity proceeding may not be instituted after the death of the putative father so as to charge his estate with the duty to support an illegitimate. Annot. 58 A.L.R.3d 188 (1974). In Knight, supra, we held a thirty-nine-year-old woman was barred by the six-year statute of limitations where she sought to be declared an heir of Walter Knight, alleging to be his natural daughter, born out of wedlock. The distinguishing factor between Knight and the instant case is that in Knight the alleged father was still alive although this Court characterized him as being mentally dead. Because Knight was still physically alive, he could have no heirs.
In Covington v. Frank, 77 Miss. 606, 27 So. 1000 (1900), this Court stated:
 If to prove the status of Mary Covington and Cornelia Miller as to W.A. Covington be proof of a claim against the estate of W.A. Covington, certainly it is a claim that did not originate in the lifetime of W.A. Covington. It is undoubted law that a child, during the lifetime of the father, has no interest in his estate; it was held in the New Orleans Railway Mill Supply Co. v. Gattie and wife, [77 Miss. 754, 27 So. 601] at this term, that a wife has no property interest in the homestead of the husband such as would constitute a consideration to support a promise from him to her. So neither wife nor child has any interest in the property of the husband and father during his lifetime; dying intestate they would be his heirs, and to prove their relationship to him is to prove their title to his property by descent when cast; but it is not to prove a claim that originated in his lifetime. At the death of a person, dying intestate, eo instanti the title of the heirs accrues. Jones v. Robinson, 17 Ohio St., 171, 180; 1 Redfield on Wills, 412, 413.
 It is too plain for argument that the title of Mary Covington and Cornelia Miller, as his heirs, to the estate of W.A. Covington did not accrue in his lifetime, and only a claim arising in his lifetime excludes them from testifying. (77 Miss. at 618, 27 So. 1000). (emphasis ours)
Furthermore, to hold Knight controlling would require retroactive application of that decision which clearly announced a new principle of law. See Chevron Oil Co. v. Huson,404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and Harrell v. State,386 So.2d 390 (Miss. 1980).
A cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested. Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960);Aultman v. Kelly, 236 Miss. 1, 109 So.2d 344 (1959); Walley v.Hunt, 212 Miss. 294, 54 So.2d 393 (1951); and Forman v.Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344 (1943). A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made. Euclid-Miss. v. Western Cas. Sur. Co.,249 Miss. 547, 163 So.2d 676 (1964); Boydstun v. Pearson, 239 Miss. 479, 123 So.2d 621 (1960); and Miller v. Fowler, 200 Miss. 776,28 So.2d 837 (1947).
Because a determination of heirship could not be made before the death of Mack Kidd, it necessarily follows that appellant's cause of action did not accrue until the death of Mack Kidd. Pursuant to section 15-1-49, appellant had six years thereafter to file her petition. The legislature, in amending section91-1-15(2) (Supp. 1981), has clearly recognized this right. This action was evidently taken in response to the United States Supreme Court decision in Trimble, supra.
In conclusion, we hold that the chancellor erroneously appliedKnight, supra, so as to bar appellant's claim. This is not a paternity proceeding, but a petition to determine heirship, which could only accrue upon the death of the intestate. Upon remand, the parties may amend their pleadings *Page 636 
to raise the constitutionality of section 91-1-15 (1972) and any defenses thereto.
In Vance Witt, Successor Administrator of the Estate ofFrances Mitchell Mayes, Deceased, et al v. Mark Mitchell, Miss. ___ So.2d ___, No. 53,558, decided March 30, 1983, not yet reported, we held that Trimble, supra, has prospective application only from the date of the decision (April 26, 1977), and to any cases which were pending at the time it was decided.
Because the death of Mack Kidd occurred in July 1978, one year and two months later, Trimble would therefore apply to the cause sub judice.
Based on the foregoing, this cause is hereby reversed and remanded to the Chancery Court of Clay County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, BOWLING, HAWKINS and ROBERTSON, JJ., concur. WALKER and BROOM, P.JJ., and ROY NOBLE LEE, J., dissent. PRATHER, J., not participating.
[1] This section was subsequently amended to provide as follows from and after July 1, 1981:
The obligation of the estate of the father for liabilities under Section 93-9-7 is limited to amounts accrued prior to his death. However, in order to hold the estate of the father liable under Section 93-9-7, the action must be filed within one (1) year after the death of the father or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less.