446 So.2d 597 (1984)
Rita Cavitt STEVENSON
v.
Annie Bell DANIELS, Administratrix of Estate of Payton Cavitt, Deceased.
No. 54766.
Supreme Court of Mississippi.
March 7, 1984.
Sarah A. O'Reilly, Bob Owens, Jackson, for appellant.
Claude W. Milstead, Jack R. Davis, Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
Payton Cavitt died intestate November 11, 1982, a resident of the First Judicial District of Hinds County. His sister, Annie Bell Daniels, filed a petition for letters of administration on December 29, 1982, in the Chancery Court. She alleged Cavitt left surviving him the petitioner, Anna Mae Lee, another sister; George Cavitt, Jr., Johnny Cavitt, two brothers; and Maude Alice Sims and Herman Spann, Jr., children of Myrte Lynn Cavitt Spann, a predeceased sister.
After letters of administration had been granted, Rita Cavitt Stevenson, the appellant, filed a motion on March 2, 1983, to be declared an heir-at-law. The motion alleged that Mrs. Stevenson was the daughter of the decedent and Margaret Jean Owens, with whom he was cohabitating, and that the decedent during his lifetime acknowledged Mrs. Stevenson as his daughter.
The administratrix moved to dismiss the claim as barred under Miss. Code Ann. § 15-1-49, the six year statute of limitations. The motion to dismiss asserted Mrs. Stevenson was born September 1, 1955, and therefore reached majority on September 1, 1976. The claim of heirship was filed more than six years after this date.
Following argument the chancellor entered a decree dismissing Mrs. Stevenson's claim because it was barred under Miss. Code Ann. § 15-1-49.
The record in this case is limited to the petition, motions and the dismissal decree. There appears to be no dispute, however, about the facts recited.
Is Mrs. Stevenson entitled to a hearing to establish in fact whether she is the natural daughter of the decedent born out of wedlock, and therefore an heir-at-law, or is she barred by the six year statute?
Of course, Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), held there could be no statutory discrimination against illegitimate children.
*598 But, is Mrs. Stevenson still barred from asserting her claim under Miss. Code Ann. § 15-1-49?
She is not. This case is controlled by Kidd v. Kidd, 435 So.2d 632 (1983), wherein Judge Dan Lee, the author of the opinion, exemplified special understanding on this subject.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.