463 So.2d 1031 (1984)
Clarence Wilbert BERRY
v.
Almeadie BERRY, Shelby Jean Berry, Carl Erskine Berry and Pursue Energy Corporation.
No. 54942.
Supreme Court of Mississippi.
August 1, 1984.
Rehearing Denied February 27, 1985.
Barry W. Gilmer, Charles I. Knauss, Jr., Gilmer & Jones, Jackson, for appellant.
Alex A. Alston, Jr., Janice Holley Parsons, Thomas, Price, Alston, Jones & Davis, Jackson, for appellees.
Jerry T. Johnston, Johnston & Younger, Brandon, for intervenor.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Clarence Wilbert Berry filed suit October 14, 1982, in the Chancery Court, Rankin County, Mississippi, against Almeadie Berry, Shelby Jean Berry, Carl Erskine Berry and Pursue Energy Corporation, seeking an adjudication that he is the illegitimate son of Shelby Berry, and that he be allowed to share in the estate of Shelby Berry. From an order June 14, 1983, dismissing the bill of complaint, he appeals and assigns as error in the trial below, the following:
The lower court erred in rendition of its final judgment wherein the appellant's claim was adjudged barred by the general six-year statute of limitations.
*1032 Appellant was born June 18, 1934, in Rankin County, Mississippi. Shelby Berry died in 1958, leaving an estate consisting of one hundred sixty (160) acres of land. The appellees, except for Pursue Energy Corporation and Jerry T. Johnston, are heirs-at-law of the intestate Berry. During the twenty-five (25) years since the death of Shelby Berry, approximately eighty (80) persons claim they have acquired, and now own, oil, gas and mineral interests in the acreage. No action has been brought prior to this suit for the purpose of establishing appellant's heirship, or his claim against the estate of Shelby Berry. In dismissing the bill of complaint, the lower court held that appellant's claim is barred by the general six-year statute of limitations. That court apparently relied upon Knight v. Moore, 396 So.2d 31 (Miss. 1981). Appellee argues that the application of the law in Estate of Kidd v. Kidd, 435 So.2d 632 (Miss. 1983), to the effect that the six-year statute begins to run at the death of the putative father, properly should be applied here. Larsen v. Kimble, 447 So.2d 1278 (Miss. 1984), disposes of the question now before the Court, and it is not necessary to discuss Knight v. Moore, supra; Estate of Miller v. Miller, 409 So.2d 715 (Miss. 1982), Estate of Kidd v. Kidd, supra; Vance Witt, Successor-Administrator of the Estate of Mayes v. Mitchell, 437 So.2d 63 (Miss. 1983).
Mississippi Code Annotated Section 91-1-15 (1972), applying to illegitimates, was amended effective July 1, 1981. Pertinent part of the section which governs in this case follows:
(ii) * * *
Any claim existing prior to July 1, 1981, concerning the estate of an intestate whose death occurred prior to such date by or on behalf of an illegitimate or an alleged illegitimate child to inherit from or through its natural father and any claim by a natural father to inherit from or through an illegitimate child shall be brought within three (3) years from and after July 1, 1981, and such time period shall run notwithstanding the minority of a child.
In Larsen, this Court said:
Perhaps the most significant aspect of this remedial statute is the fact that it created a remedy in favor of all illegitimates regardless of the date of the death of the intestate but placed in a three year limitation period, after July 1, 1981, notwithstanding the minority of a child (illegitimate) within which to file such claim. This was done by inclusion of subsection (3)(d)(ii) 2 which states as follows:
A remedy is hereby created in favor of all illegitimates having any claim existing prior to July 1, 1981, concerning the estate of an intestate whose death occurred prior to such date by or on behalf of an illegitimate or an alleged illegitimate child to inherit from or through its natural father and any claim by a natural father to inherit from or through an illegitimate child shall be brought within three (3) years from and after July 1, 1981, and such time period shall run notwithstanding the minority of a child.[1]
The question now arises how does this code section apply to the issues presented in the instant case. Earl Irene Stuart Kimble could not have asserted a claim against Earl B. Kimble prior to July 1, 1981. This is true for two reasons. First and foremost, throughout the life of Earl Irene Stuart Kimble, Earl B. Kimble was alive. Because no person is an heir of another living person, Earl Irene Stuart Kimble had no claim to assert.
* * * * * *
... [T]he remedy created by § 91-1-15 did not come into existence until July 1, 1981. Therefore, no cause of action existed prior to July 1, 1981. At that point § 91-1-15 created a remedy for all illegitimates and descendants of illegitimates. Subsection (3) of this statute provides that: "The children of illegitimates *1033 and their descendants shall inherit from and through their mother and father according to the statutes of descent and distribution." Therefore, the statute also created a cause of action for those descents of illegitimates who wished to assert a claim against their ancestor's estates. Such is just the case in the immediate suit. Although Earl Irene Stuart Kimble never had a cause of action, a remedy was created for the first time in favor of Darlene Larsen on July 1, 1981.
* * * * * *
... The one year or ninety (90) day period of limitation is therefore applied only to those cases where the intestate died subsequent to July 1, 1981. In the instant case, Earl B. Kimble died prior to July 1, 1981. Because that is so, Darlene Larsen had until June 30, 1984 in which to assert her claim as an heir to the estate of Earl B. Kimble. Clearly then, this suit was timely filed. [447 So.2d at 1281-82, 1283].
Following Larsen v. Kimble, supra, as we are bound to do, in our opinion the chancellor erred in dismissing the complaint. The judgment of the lower court is reversed and the cause is remanded for a trial on the merits.
REVERSED AND REMANDED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Amendment to Section 91-1-15 effective March 14, 1983.