PATTERSON, Chief Justice,
for the Court:
Robert Burdette appeals from a final decree of the Chancery Court of the First Judicial District of Panola County, wherein Barbara Jean Crump was adjudged the sole lawful heir of Gregory Wayne Carter, Deceased.
Elizabeth Carter was the mother of Barbara Jean Crump and Gregory Wayne Carter, both of whom were born out of wedlock to different fathers. Although subsequently married, Elizabeth had no other children. She died in March 1980.
Gregory Wayne Carter was born March 30, 1957, and died June 6, 1980, of injuries sustained in a motor vehicle accident. Barbara Jean Crump, half-sister of decedent, was appointed administratrix of Carter’s estate on August 20, 1980.
On November 10, 1981, she filed a petition, as administratrix, to determine the lawful heirs of Gregory Wayne Carter. She alleged that as far as she knew and believed she was the sole surviving heir of Gregory Wayne Carter, who left no last will and testament. She then alleged that Robert Burdette, the putative father of the decedent, should be joined as a party respondent.
Burdette filed an answer to the complaint which was later amended on March 24, 1982. In the amended answer Burdette alleged he was the father of Gregory Wayne Carter and that Deborah Burdette, Michael Gale Burdette, Terry Haynes Bur-dette and James Burdette all survived Gregory Wayne Carter as half-brothers and sister of the decedent. He admitted, in his answer, that the decedent’s mother had two children of the half blood, namely Barbara Jean Crump (administratrix), fathered by James Crump, and Gregory Wayne Carter, the natural son of Robert Burdette, the respondent.
The parties to this suit are Barbara Jean Crump, the illegitimate half-sister of Gregory Wayne Carter, decedent, also an illegitimate on the maternal side of the family. The respondent children are illegitimates on the paternal side of the family with the exception of Deborah Burdette, who is the legitimate daughter of Robert Burdette and his present wife. The other respondent is Robert Burdette, the alleged natural father of Gregory Wayne Carter.
The trial began on April 14, 1982, and after counsel had made their opening statements, the court remarked that although the respondents had mentioned the question of the constitutionality of Section 91-1-15 in their statement that nevertheless the issue had not been raised by the pleadings. The respondents then moved the court ore tenus to incorporate as an affirmative defense that Mississippi Code Annotated, § 91-1-15 (Supp.1980), was unconstitutional in that it was an abridgement of the respondents’ rights under the equal protection clause of the Fourteenth Amendment to the U.S. Constitution. The court *961 denied the motion to amend based upon its understanding of Estate of Miller v. Miller, 409 So.2d 715 (Miss.1982), in which this Court held the trial court erred in declaring a statute unconstitutional of its own volition. In the instant case the trial court was of the opinion it would have been inappropriate to grant the motion because the court had alerted the respondents to the constitutional issue and believed that if he sustained a motion favoring the respondents to an issue which the court had injected into the suit that it would indicate he was favoring one side of the lawsuit over the other. The constitutional issue was thus not decided by the trial court.
Be that as it may, at the trial’s conclusion the court held the case was controlled by Sections 91-1-15 (descent among illegit-imates) and 11-7-13 (actions for injuries producing death) prior to their amendments. The trial court was of the opinion these sections precluded recovery by Robert Burdette, the alleged father of the decedent, Gregory Wayne Carter. The court held the 1981 amendments to these statutes, which would have permitted the respondent or respondents to recover under certain conditions, were inapplicable because the decedent died in 1980, prior to the effective date of the amendment, and because this was so, the amendments could not and did not have any effect upon claims which prior thereto were nonexisting. Barbara Jean Crump was therefore adjudged the sole heir at law of Gregory Wayne Carter, her deceased half-brother.
The court, however, also found the following:
(1) That Robert Burdette contributed financially to the support and maintenance of Gregory Wayne Carter, albeit meager; (2) that Robert Burdette, prior to the death of Gregory Wayne Carter, on numerous occasions and publicly, stated that he was the father of the deceased; (3) that the said Robert Burdette visited with the deceased, and the said Gregory Wayne Carter, prior to his death, visited in the home of Robert Bur-dette in Memphis, Tennessee, on many occasions; (4) that Robert Burdette gave Gregory Wayne Carter parental guidance and exercised parental control prior to his death; and (5) that the said Robert Burdette treated Gregory Wayne Carter as his son and Gregory Wayne Carter looked upon the said Robert Burdette as his father.
Burdette now contends the trial court erred in not considering the 1981 amendments to the descent among illegitimate statute, and the wrongful death statute. In our opinion this argument has merit. The dispositive issue is controlled by Matter of Estate of Kimble, 447 So.2d 1278 (Miss.1984), which held the amended statute, Section 91-1-15 (Supp.1983), “[CJreat-ed a remedy in favor of all illegitimates regardless of the date of the death of the intestate but placed a three year limitation period, after July 1, 1981, notwithstanding the minority of a child (illegitimate) within which to file such a claim.” 447 So.2d at 1281-82. The language of Kimble, supra, is broad enough to include the claim of a natural father to inherit from and through an illegitimate child because the claim of an illegitimate through his biological father is co-extensive with the right of the biological father to claim by or through his illegitimate offspring. They are both creatures of statutes and came into existence at the same time. According to our construction in Kimble, the daughter of the illegitimate “had a remedy as of July 1, 1981, contingent upon establishing that Earl B. Campbell was the father of her deceased illegitimate mother.” 447 So.2d at 1282.
In Berry v. Berry, 463 So.2d 1031 (Miss.1984), the Court followed Kimble, supra, in construing Mississippi Code Annotated, § 91-1-15, as amended July 1, 1981. We there held,
Pertinent part of the section which governs in this case follows:
(ii) * * *
Any claim existing prior to July 1, 1981, concerning the estate of an intestate whose death occurred prior to such date by or on behalf of an illegitimate or an alleged illegitimate child to inherit *962 from or through its natural father and any claim by a natural father to inherit from or through an illegitimate child shall by brought within three (3) years from and after July 1, 1981, and such time period shall run notwithstanding the minority of a child.
In Larsen [v. Kimble, 447 So.2d 1278 (Miss.1984)], this Court said:
Perhaps the most significant aspect of this remedial statute is the fact that it created a remedy in favor of all illegit-imates regardless of the date of the death of the intestate but placed in a three year limitation period, after July 1, 1981, notwithstanding the minority of a child (illegitimate) within which to file such claim. This was done by inclusion of subsection (3)(d)(ii) 2 which states as follows:
A remedy is hereby created in favor of all illegitimates having any claim existing prior to July 1, 1981, concerning the estate of an intestate whose death occurred prior to such date by or on behalf of an illegitimate or an alleged illegitimate child to inherit from or through its natural father and any claim by a natural father to inherit from or through an illegitimate child shall be brought within three (3) years from and after July 1, 1981, and such time period shall run notwithstanding the minority of a child.
463 So.2d at 1032.
And see Miller v. Watson, 467 So.2d 672 (1985), which accords with Kimble and Berry.
We therefore are of the opinion the trial court erred in not considering the amendments to Sections 91-1-15 and 11-7-13, and in doing so erred in not permitting Robert Burdette to authoritatively establish his claim as the biological father of Gregory Wayne Carter, Deceased. The cause is therefore reversed and remanded so that the proportionate interest of the adminis-tratrix and the respondents might be judicially determined.
Although the finding of the trial court that Robert Burdette was the biological father of the decedent is not challenged by cross-appeal, it nevertheless was discussed in briefs of counsel and oral argument, and needs mention here so that clarification can be made on remand.
The trial court found:
The Court does conclude for the record, and for a probable review of same by the Mississippi Supreme Court, that there is clear and convincing evidence before the Court, and the Court so finds, that Robert Burdette is the biological father of the deceased and that he openly acknowledged to the world his paternity of the deceased during his lifetime. The testimony before this Court on which the Court relies and so finds is as follows:
(1) That Robert Burdette contributed financially to the support and maintenance of Gregory Wayne Carter, albeit meager;
(2) That Robert Burdette, prior to the death of Gregory Wayne Carter, on numerous occasions and publicly, stated that he was the father of the deceased;
(3) That the said Robert Burdette visited with the deceased, and the said Gregory Wayne Carter, prior to his death, visited in the home of Robert Burdette in Memphis, Tennessee, on many occasions;
(4) That Robert Burdette gave Gregory Wayne Carter parental guidance and exercised parental control prior to his death; and
(5) That the said Robert Burdette treated Gregory Wayne Carter as his son, and Gregory Wayne Carter looked upon the said Robert Burdette as his father.
It need be observed the court determined there was clear and convincing evidence that Robert Burdette was the biological father of the deceased and that he openly acknowledged his paternity of the deceased during his lifetime. However, there is no explicit finding that the father has not refused or neglected to support the child as required by Section 91-1-15 (3)(i). The trial court found, “That Robert Burdette contributed financially to the support and *963 maintenance of Gregory Wayne Carter, albeit meager.” Whether the trial court intended this meager contribution to be the equivalent of the support intended by the legislature escapes us. Probably ambiguity, as we see it, can be resolved on remand. Our concern is whether the spo-ratic and meager support by Robert Bur-dette for his deceased son equals the “support” intended by the legislature.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.