492 So.2d 573 (1986)
Mary HOLLOWAY & Pearline Clarke,
v.
Addie JONES, et al.
No. 56072.
Supreme Court of Mississippi.
July 23, 1986.
Dissenting Opinion July 30, 1986.
Donald W. Bond, J. Lane Greenlee, Winona, for appellant.
No brief filed by appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Mary Holloway and Pearline Clarke appeal from a final judgment of the Chancery Court, Leflore County, Mississippi, dismissing their complaint for the partition of twenty-three (23) acres of land. The appellees, Addie Jones, Leroy Holmes, Mamie Johnson, Jessie Jones, and unknown heirs at law of Allen Holmes and Willie Holmes, have not appeared or filed briefs in the cause.
The appellants have assigned two (2) errors in the judgment of the lower court. Since the appellees have filed no brief or *574 authorities on this appeal we are not required to consider their position and may regard such failure as conceding the claim of appellants.
However, the real question here, e.g., whether or not the appellants may inherit from their natural father, as illegitimates under the law and decisions of this State, is squarely before us, and we will proceed to a determination of that question.
The appellants brought this suit to partite twenty-three (23) acres of land in Leflore County. They base their claims to an undivided one-eighth (1/8) interest each in said land on the fact that they are the illegitimate children of Willie Holmes, deceased intestate.
Willie Holmes held title to the land involved and died in 1969, survived by his wife, Alice Holmes. Born of their marriage were five (5) children, two of whom were deceased at the time of the trial. The record reflects, and the chancellor found, that the appellants are the illegitimate children of Willie Holmes by one Mattie Abercrombie.
In an opinion on May 6, 1982, the chancellor held that appellants were entitled to inherit from their natural father, Willie Holmes, and that they were vested with an undivided one-eighth (1/8) interest each in the said lands. On March 28, 1984, the chancellor rendered a supplemental opinion, wherein he concluded that, although appellants are the illegitimate children of Willie Holmes, when Willie Holmes died on February 16, 1969, his illegitimate children could not inherit from him at the time, and that, consequently, they could not inherit from him when the complaint was filed. He based his conclusion on Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); Mississippi Code Annotated § 91-1-15 (1972), Witt v. Mitchell, 437 So.2d 63 (Miss. 1983); Estate of Kidd v. Kidd, 435 So.2d 632 (Miss. 1983); and Larsen v. Kimble, 447 So.2d 1278 (Miss. 1984).
In Berry v. Berry, 463 So.2d 1031 (Miss. 1984), discussing Mississippi Code Annotated § 91-1-15 (1972), this Court quoted from Larsen v. Kimble, supra, as follows:
Perhaps the most significant aspect of this remedial statute is the fact that it created a remedy in favor of all illegitimates regardless of the date of the death of the intestate but placed in a three year limitation period, after July 1, 1981, notwithstanding the minority of a child (illegitimate) within which to file such claim. This was done by inclusion of subsection (3)(d)(ii) 2 which states as follows:
A remedy is hereby created in favor of all illegitimates having any claim existing prior to July 1, 1981, concerning the estate of an intestate whose death occurred prior to such date by or on behalf of an illegitimate or an alleged illegitimate child to inherit from or through its natural father and any claim by a natural father to inherit from or through an illegitimate child shall be brought within three (3) years from and after July 1, 1981, and such time period shall run notwithstanding the minority of a child.
* * * * * *
Following Larsen v. Kimble, supra, as we are bound to do, in our opinion the chancellor erred in dismissing the complaint. The judgment of the lower court is reversed and the cause is remanded for a trial on the merits.
463 So.2d at 1032, 1033.[1]
We are of the opinion that Larsen v. Kimble, supra, and Berry v. Berry, supra, are dispositive of the question now before the Court, that the lower court erred in holding that appellants were not entitled to share in the estate of their natural father, Willie Holmes, because they were not his lawful heirs, and that the lower court erred in dismissing the complaint. Therefore, the judgment of the lower court is reversed, *575 judgment is rendered here for appellants, and the cause is remanded to the lower court for further action, consistent with this opinion.
REVERSED, RENDERED AND REMANDED.
HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., dissents.
WALKER, Chief Justice, dissenting.
I respectfully dissent for the same reasons as stated in my dissent in Estate of Kidd v. Kidd, 435 So.2d 632 (Miss. 1983). In my opinion, Mississippi Code Annotated § 91-1-15(2) (as amended, 1981) was unconstitutional and ignored Article IV, § 97 of the Mississippi Constitution which prohibits the creation of a new remedy by the Legislature when a cause of action has been barred by the statute of limitations. That section provides as follows:
Section 97. The legislature shall have no power to revive any remedy which may have become barred by lapse of time, or by any statute of limitation of this state.
NOTES
[1] The writer dissented from the majority opinions in Estate of Kidd v. Kidd, supra; and Matter of Estate of Kimble, supra.