ON PETITION FOR REHEARING
ANDERSON, Justice,
for the Court:
The opinion rendered in this cause on October 1, 1986, is hereby withdrawn and the following is substituted as the opinion of the court.
This is an appeal from the Chancery Court of Jefferson Davis County. Hugh McLeod, an adult resident of Jefferson Davis County, died intestate on January 17, 1933. He had eight brothers and sisters and at the time of his death he owned with them an undivided ⅛⅛ interest in a certain 80 acres of land. By subsequent inheritances and conveyances, this land came into the hands of the defendants in the present action.
On February 12, 1982, — almost half a century after McLeod’s death — Hannah Craft filed a petition in the Chancery Court of Jefferson Davis County alleging that she and McLeod had entered into a common law marriage in 1928. (Mississippi then allowed the creation of such marriages). By virtue of this alleged marriage, she contended that she was the sole heir at law of Hugh McLeod, and that neither McLeod’s siblings nor their' descendants and grantees had any interest in the land.
All of the defendants denied that Hugh McLeod had been married to Hannah Craft or to anyone else, and further alleged that Mrs. Craft’s action was barred by the statute of limitations, Mississippi Code Annotated, Section 15-1-49 (1972), or alternatively by laches.
The record contains no explanation of why Mrs. Craft waited for 49 years to bring this action. It is alleged in the pleadings, however, that in 1981 she executed an oil and gas lease to a third party; this document purported to convey an interest in the property she claims in the present action.
The two primary issues to be resolved by this Court on petition for rehearing are:
(1) what, if any, statute of limitation applies to proceedings to establish heirship; and
(2) if there is an applicable statute of limitation, when does the cause of action accrue thereby establishing a time when heirship proceedings must be brought.
Section 91-1-1, et seq. of the Mississippi Code Annotated (1972), controls the distribution of property by intestate succession. Under § 91-1-27, Miss.Code Ann., any potential heir at law may petition the chancery court of the decedent’s home county or county where some of his real estate is situated to enter a decree establishing the lawful heirs of the decedent where the decedent has died either totally or partially intestate. All known heirs must be named in the petition and all unknown heirs are to be notified by publication. Once such notice requirements are complied with, the chancery court may enter a valid decree establishing the lawful heirs of the decedent which will be binding on all parties cited therein and will be free from collateral attack unless a suit is brought within two years after the date of entry of the *291 decree. See Miss.Code Ann., §§ 91-1-29 and 91-1-31 (1972).[1]
An examination of these statutes fails to reveal any prescribed time period in which a suit to establish heirship must be brought or thereby barred. Instead, these statutes, when read together, simply provide that once a suit to establish heirship has been brought and a valid decree entered then any party wishing to attack that decree must do so within two years of the date of entry. Thus, it would appear that there is no requirement that a suit to establish heir-ship must be brought at all. Such an interpretation seems reasonable when one remembers that title to the decedent’s property automatically vests in his lawful heir or heirs upon his death without instituting any legal proceedings. Thus, proceedings to establish heirship would only be needed or required either when there was a dispute as to the identity of a lawful heir or where a would be heir sought to establish his claim to the decedent’s property to the exclusion of another’s claim.
In Bryant v. Lemmons, 269 Ark. 5, 598 S.W.2d 79 (1980), the Arkansas Supreme Court was faced with a similar problem. In that case, two claimants seeking to establish their claim to 20 acres of land filed petitions in 1976 to determine their status as heirs to the estates of their grandfather, who died intestate in 1938, and their father, who died intestate in 1967. A question concerning the applicability of Arkansas’ general five year statute of limitation as a bar to these claims was raised on appeal after the probate court initially held that such a statute was inapplicable. On appeal, the Arkansas Supreme Court affirmed the decision of the probate court.
In his opinion, Justice George Rose Smith recognized that “the question of heirship becomes important when a person seeks to assert a claim to real or personal property that was owned by the decedent whose heirs are to be ascertained.” Further, he added that “[there is] no reason for a requirement that a petition for the determination of heirship be filed within five years or any other specified time after the death of a person whose heirs are to be ascertained.” Such a suit would only be required when a person standing as an heir was in question. The court further held that the claimants’ status as heirs only came into question when they asserted their right to recover the property of the decedents. As such, the question on limitations was governed by the cause of action for the recovery of property and the court concluded that:
Actions must be brought by the real parties in interest, but the identity of those parties need not be determined until an issue of pecuniary consequence arises.
See Bryant v. Lemmons, 598 S.W.2d at 81; see also, Foster v. Petree, 347 Mo. 992,149 S.W.2d 851, 852 (1941) (cause of action to establish heirship arises when party’s status as heir is denied.)
While not directly on point, the general principles adopted by the Arkansas Court may help to resolve the issue before this Court. In the present case, no question concerning the status of any of McLeod’s heirs was raised until Mrs. Craft filed her petition to establish her claim to the property. Upon learning of her potential interest in the property, Craft instituted the only action available to establish her claim. While it is true that Mrs. Craft failed to assert this claim in the preceding 49 years, the same can be said for McLeod’s eight brothers and sisters. At no point did they ever seek to establish their status as lawful heirs of the estate nor did they ever seek to have the estate administered. Had they done so, clearly Craft’s claim would have been barred. But, at this point, each party is as guilty of inaction as the other with regard to the establishment of their status as lawful heirs of McLeod.
The core problem is that there has been no legal adjudication as to who the lawful heirs of McLeod were. If Craft was required to bring a suit to establish her heirship six years after the death of McLeod, then McLeod’s brothers and sis *292 ters would also be obligated to bring such a suit or their interest in the land would be lost as well. Such a result would seem unduly harsh especially in situations where there was absolutely no question concerning the status of an heir. Further, there appears to be no valid reason to require an heir to institute such costly and time consuming procedures to determine heirship absent a question concerning his status as an heir. An heir is not required to institute proceedings to establish his heirship at any specific time after the death of the decedent. Rather, such proceedings need only be brought when a question arises concerning the status of a person as a lawful heir of the estate. Once such a question arises, then a suit to establish heirship must be brought to establish that person’s claim.
At first blush, this may seem inconsistent with the court’s previous ruling in Estate of Kidd v. Kidd, 435 So.2d 632 (Miss. 1983). In Kidd, this Court held that a cause of action to determine heirship could not be made prior to the death of the decedent, and as such the cause of action did not accrue until his death. Thereafter, the claimant had six years to file her petition to establish her rights as an heir. Kidd, 435 So.2d at 635. In effect, this Court recognized that the six year general statute of limitations would be applicable to a suit to determine heirship once such a cause of action accrued. The cause of action could not have accrued in Kidd until the death of the decedent. However, the claimant’s status as an heir was in question immediately upon the death of the decedent because she was an illegitimate child. This Court did not hold that all suits to determine heirship accrued upon the death of the intestate. Rather, we simply recognized that the cause of action accrued in Kidd at death because there was a question concerning a claimant’s right as an heir because of her illegitimate status.
In this case, there was no controversy concerning Craft’s status as an heir, or for that matter, anyone’s status as an heir at the time of McLeod’s death. It was not until Craft filed her petition that such an issue was raised. At this point different parties asserted claims to the property and it became necessary to determine which party was the lawful heir to McLeod’s estate.
Another distinguishing point in Kidd is that the claimant knew of her potential claim against the estate prior to her father’s death and at the time of his death. In this case, Craft apparently had no knowledge of McLeod’s interest in the property either prior to or at his death. Also, since the estate was never administered, it would appear that she lacked knowledge or notice of the existence of an estate against which she could assert any claim.
Finally, a key factor in Kidd was that the claimant was an illegitimate child. Until recently, illegitimates were not recognized by the law as potential heirs to the estate of their parents. See Kidd, 435 So.2d at 634. The same is not true for a common law wife. All common law marriages contracted prior to April 5, 1956, are valid marriages and thus a common law wife would be a lawful heir under the statutes of descent and distribution upon the death of her common law husband. See Butler’s Estate v. McQuarters, 210 Miss. 86, 48 So.2d 617 (1950) (common law marriage prior to April 5,1956 valid). If in fact Craft and McLeod had entered into a valid common law marriage prior to his death, Craft would be a legitimate heir to his estate. A suit to establish heirship does not have to be instituted until either there is a question concerning the status of a person as a potential heir to an estate or until two parties assert competing claims against property held by the estate. Once such a question or controversy arises, then the suit to establish heirship must be brought in order to determine the lawful heirs of the estate. Since there is no specific statute of limitations concerning time periods in which such suits must be filed, § 15-1-49 of the Mississippi Code Annotated (1972), would be applicable and begin to run once a question concerning heirship arose. If after six years, such a suit was not brought then any further proceedings to establish heirship would be barred under this statute. See Miss. Code Ann., § 15-1- *293 49 (1972) (Mississippi's six year statute of limitations applicable to all actions otherwise not governed by specific statute of limitations).
As there is no specific statute of limitation applicable to heirship proceedings, our general statute, Mississippi Code Annotated, § 15-1-49 (1972), providing for a six year limitation applies. However, as an heir is not required to bring a suit to establish his rights unless and until there is a question concerning his status as an heir, this statute does not begin to run until that heir knows his status has been questioned.
Here there was no issue concerning Craft’s status as an heir until she was notified that she had a potential claim to the property owned by the deceased. Before that she had no notice of such an interest, no notice of the estate, and no notice that McLeod’s brothers and sisters were claiming title to the property. What triggered the running of the statute of limitations against Craft was her receipt of notice of her potential interest in the property. As she brought her suit to establish heirship well within the six year period from that event, then the suit is not barred by the statute of limitations. This is not to say that Craft’s claim is legitimate. There may very well be other bars to her recovery. The statute of limitations, however, is not one of them. For the reasons set forth above the judgment of the Chancery Court of Jefferson Davis County is reversed and this cause is remanded for proceedings in conformity with this opinion.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.

. This two year period does not include decrees entered due to fraud and there is an additional savings clause for minors allowing them to attack the decree within one year upon reaching their majority.