410 So.2d 378 (1982)
Linda Diane TRIBOU
v.
Clyde H. GUNN, Jr., M.D.
No. 53014.
Supreme Court of Mississippi.
February 24, 1982.
William Roberts Wilson, Jr., Carol Ann Cross, Pascagoula, for appellant.
Raymond L. Brown, Megehee, Brown, Williams & Mestayer, Pascagoula, Thomas L. Stennis, II, Bryant & Stennis, Gulfport, for appellee.
Before SUGG, BROOM and HAWKINS, JJ.
SUGG, Presiding Justice, for the Court:
On March 19, 1980 Linda Tribou, plaintiff, filed an action for malpractice against the defendant, Clyde H. Gunn, Jr., M.D. Among other things, plaintiff alleged:
That the named defendant herein was negligent and guilty of medical malpractice ... in that he failed to take the necessary steps to establish the true condition of your plaintiff with respect to the lump in her breast, failed to adequately and accurately diagnose her condition consistent with her symptoms and complaints, and did not act in a manner that a reasonable and prudent doctor would have acted under the same or similar circumstances confronted with the situation he dealt with and he was negligent and his negligence was the proximate cause of the delayed diagnosis of your plaintiff, which delay allowed her cancerous condition to progress from a lump in her breast to a generalized cancer condition spread throughout her body, threatening her life, and subjecting her to great physical and mental pain and anguish, as she experiences the growth of the cancer through her body and contemplates her ultimate demise, and the serious consequences to her family and herself resulting therefrom.
The defendant answered and incorporated in his answer a plea in bar alleging that all or some of the acts complained of in the declaration were barred by the statute of limitations. Section 15-1-36 Mississippi Code Annotated (Supp. 1981).[1] The plea in bar was heard by the court on October 27, 1980. The court sustained the plea in bar so the question presented is whether plaintiff's cause of action is barred by the statute of limitations.
*379 Although evidence was not introduced at the hearing on the plea in bar, the trial court heard arguments and sustained the plea in bar stating that the entire record would be considered as having been introduced for purpose of appeal. From the interrogatories and depositions, the following facts appear.
The plaintiff first sought Dr. Gunn's advice on January 7, 1972 about a mass located in her right breast. A biopsy was performed January 10, 1972 indicating chronic cystic mastitis.
In October, 1976, the plaintiff, finding a pea-sized lump in her left breast, visited Dr. Gunn at which time he diagnosed her condition as mastitis and she was requested to return in three to four months.
Plaintiff was examined by Dr. Rubenstein in December, 1976 for poison ivy. Dr. Rubenstein took a pap smear of drainage from her left breast. The report of the analysis of the smear stated, "Class 3 suspicious of malignant cells markedly atypical, suggest malignancy. Further study indicated." Plaintiff took this pathology report to Dr. Gunn in January, 1977 at which time he took another pap smear. Dr. Gunn told the plaintiff that generally these tests were not very reliable and he would not entertain the thought that she had breast cancer based on this one determination. In May, 1977 Dr. Gunn informed plaintiff she still suffered from fibrocystic disease and advised her to return in six months.
On the advice of her friends plaintiff visited Dr. Dyer, a gynecologist in New Orleans, who took a pap smear and performed thermograms and mammograms. In September of 1977 Dr. Dyer recommended to plaintiff that she have all breast tissue removed and implants inserted. Believing she suffered only from mastitis because of defendant's diagnosis, plaintiff did not have the surgery.
In February, 1978, Dr. Gunn performed a needle biopsy of the lump in plaintiff's left breast and advised her to return within six weeks. The lump in plaintiff's left breast increased in size, she again saw Dr. Gunn on April 13, 1978, at which time he recommended a biopsy. Plaintiff was admitted to the hospital May 11, 1978, and the biopsy was performed May 12, 1978. The biopsy revealed carcinoma of the left breast and a radical mastectomy of the left breast was performed on May 13, 1978.
Section 15-1-36 Mississippi Code Annotated (1981 Supp.) provides in part as follows:
(1) No claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, nurse, pharmacist or podiatrist for injuries arising out of the course of medical or surgical treatment unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.
Plaintiff first learned that she had cancer on May 12, 1978 when defendant informed her of this fact based on the biopsy which revealed carcinoma of the left breast. Plaintiff's suit was not based on a single negligent act or omission but upon a series of negligent acts or omissions which she alleged constituted medical malpractice by defendant. Defendant did not diagnose plaintiff's cancer until May 12, 1978 and there is nothing in the record to indicate that plaintiff could have known or discovered her cancer by the exercise of reasonable diligence before that time. For example, the only suggestion made to plaintiff that she might have cancer before May 12, 1978 was the laboratory report on the pap smear taken by Dr. Rubenstein in 1976. Plaintiff carried this report to Dr. Gunn which indicated her diligence in following through on the suggestion for further study to determine the true nature of her physical condition, namely, whether she had cancer.
Under the facts disclosed by the present record, we hold that plaintiff's suit was not barred. She filed her suit within two years after learning she had cancer so she is entitled to a trial on her declaration which charges a series of negligent acts or omissions beginning in 1976.
*380 Plaintiff also argues that section 15-1-36 Mississippi Code Annotated (Supp. 1981) is unconstitutional. Having held plaintiff's case is not barred by the statute, we do not pass on the constitutionality of the statute because constitutional questions are not reached unless necessary for a decision of a case.
REVERSED AND REMANDED FOR A TRIAL ON THE MERITS.
SMITH, P.J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN LEE, JJ., concur.
PATTERSON, C.J., took no part.
NOTES
[1] Sources; Miss.General Laws, Chap. 473 (1976); Chap. 464 (1978); Chap. 347 (1979).