# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-IA-00166-SCT

*DR. BEVERLY A. MCMILLAN AND MISSISSIPPI BAPTIST MEDICAL CENTER*

*v.*

*THOMAS D. PUCKETT AND TAMARA L. PUCKETT, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH HEIRS OF SANDRA L. PUCKETT, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/16/93 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | AL NUZZO |
| | ALAN C. GOODMAN |
| | CARY E. BUFKIN |
| | EUGENE R. NAYLOR |
| ATTORNEYS FOR APPELLEES: | CRYMES G. PITTMAN |
| | ROBERT G. GERMANY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 5/16/96 |
| MOTION FOR REHEARING FILED: | 6/13/96 |
| MANDATE ISSUED: | 8/29/96 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. In this Interlocutory Appeal from an order of the Leake County Circuit Court denying the appellants' motion for a change of venue, we are asked to consider where venue is proper in a wrongful death action. We find that the circuit court correctly ruled that venue was proper in Leake County, where Sandra Puckett died, and conclude that a wrongful death action may be brought in the county where the death occurred, thus commencing the cause of action, or in the county where the wrongful act causing the death took place pursuant to Miss. Code Ann. § 11-11-3, which provides that venue is proper where the cause of action occurred or accrued.

I.

¶2. Thomas and Tamara Puckett filed a wrongful death action in the Leake County Circuit Court on December 8, 1992, seeking damages for the death of their infant daughter, Sandra Puckett. The complaint

alleged that after Tamara Puckett was admitted to the Mississippi Baptist Medical Center in labor on June 29, 1991, Dr. McMillan was negligent in her examination and treatment of the mother and her yet unborn child; that Dr. McMillan failed to advise the Pucketts of the risks associated with the various medical procedures performed upon both mother and baby and failed to obtain their informed consent; and that the Medical Center, through its employees, was negligent in its treatment of both Tamara and Sandra Puckett. The negligent acts, deviations from the standard of care, and lack of informed consent which occurred on June 29, 1991 in Hinds County, Mississippi, are alleged to have resulted ultimately in the infant's death on December 31, 1991 in Leake County, Mississippi, causing the Puckett family extreme mental anguish and anxiety.

¶3. Dr. McMillan resides in and practices medicine in Hinds County, Mississippi. The Medical Center, likewise has its sole place of business in Hinds County. Consequently, the defendants moved for a change of venue from Leake County to the First Judicial District of Hinds County. That motion was denied on August 20, 1993. The circuit court found that the cause of action had accrued in Leake County and therefore, that venue was proper there. Dr. McMillan then requested certification for an interlocutory appeal which was denied by the trial court but subsequently granted by this Court. ***McMillan v. Puckett,*** 641 So. 2d 757 (Miss. 1994).

II.

¶4. Dr. McMillan and the Medical Center contend that venue is proper only in Hinds County, where the events that are alleged to have caused Sandra Puckett's death took place, and not in Leake County, where she died. We disagree.

¶5. Wrongful death action in Mississippi are controlled by Miss. Code Ann. § 11-7-13, which, in relevant part, provides:

> Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission . . . as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof . . . and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death . . . .

The statute makes no provision for the venue of such actions. Instead, we turn to the general venue statute, Miss Code Ann. § 11-11-3, which provides for venue as follows:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county **where the cause of action may occur or accrue** and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county **where the cause of action may occur or accrue . . .**

¶6. It is the phrase "where the cause of action may occur or accrue" that serves as a point of consternation between the parties. Dr. McMillan and the Medical Center urge a narrow construction of the phrase to mean where the alleged act of negligence occurred. The Pucketts, on the other hand, champion an interpretation consistent with our finding of when a wrongful death cause of action accrues for purposes of the statute of limitations. We have no question that venue is proper in Hinds County, where the individual

defendant may be found and where the defendant corporation is domiciled. At issue, therefore, is whether venue is also proper in Leake County, where Sandra Puckett died, as well as in Hinds County, where the injuries that are alleged to have caused her death were inflicted.

¶7. A tort is not complete until an injury occurs. *Smith v. Temco, Inc.*, 252 So. 2d 212, 216 (Miss. 1971). In this, as in any other wrongful death action brought pursuant to Miss. Code Ann. § 11-7-13 (1972), there is no injury, and hence, no cause of action until a death occurs. *Sweeney v. Preston,* 642 So.2d 332, 336 (Miss. 1994); *Gentry v. Wallace*, 606 So. 2d 1117, 1123 (Miss. 1992). Thus, for statute of limitations purposes, we have found that a wrongful death action cannot accrue prior to the death of the decedent. *Gentry*, 606 So. 2d at 1123. No distinction can be made between when an action accrues and where it accrues. Accordingly, while the Pucketts might have been able to bring a negligence or a malpractice action for the injuries caused to Mrs. Puckett and their daughter prior to the infant's death, a wrongful death cause of action did not accrue until December 31, 1991 in Leake County. Only then and there did they have an actionable claim for Sandra's death against Dr. McMillan and the Medical Center.

¶8. In *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss. 1990), wherein we found that a cause of action accrued only when illness was discovered in asbestosis cases and not when the plaintiff was first exposed to the toxic substance, we stated that "[a] cause of action accrues only when it comes into existence as an enforceable claim; that is when the right to sue becomes vested." Applying that principle in the wrongful death context as we did in *Sweeney* and *Preston,* the Montana Supreme Court recently applied its finding that a cause of action for wrongful death did not accrue until a death occurred, rather than at the time of the wrongful conduct that caused the death, for purposes of the statute of limitations, to the same venue question now before this Court. *Gabriel v. School District Number 4, Libby, Montana*, 264 Mont. 177, 179-180, 870 P.2d 1351, 1352 (1994), citing *Carroll v. W.R. Grace & Co.*, 252 Mont. 485, 830 P.2d 1253 (1992). Finding that venue was appropriate where the decedent died and not where the alleged wrongful conduct that led to his death occurred, the Court announced:

> *Carroll* stands for the proposition that death is a critical, and the final, element in the accrual of a wrongful death action. If the claim does not accrue until the death occurs, it cannot "arise" under § 25-2-126, MCA, until the death occurs. Simply put, no wrongful death claim exists until the death occurs; therefore, the claim cannot "arise" for venue purposes until that time. As a logical corollary to Carroll, we conclude that a wrongful death claim arises under § 25-2-126, MCA, where the death occurs.

*Gabriel*, 264 Mont. at 180, 870 P.2d at 1352.

¶9. We have held that the terms "'occur' and 'accrue' are not synonymous, legally or otherwise, as the disjunctive connector forthrightly suggests." *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1156 (Miss. 1992). In *Flight Line*, we further explained:

> We read accrual in its formalistic sense. **A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested**. *Forman v. Mississippi Publishers Corp*., 195 Miss. 90, 104, 14 So.2d 344, 346 (1943). **This may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found. "Occur" is a less formalistic term. It is event oriented to its core. It connotes conduct and phenomena and imports no preference among all of those necessary that a plaintiff may sue.** It is certainly true in cases such as this the action -- the improper loading in

Vicksburg--was harmless when done **"and on account of which no action could accrue, until the injury took place."** What *Masonite* [*Corp. v. Burnham*, 164 Miss. 840, 146 So. 2d 292 (1933)] misses is that the converse is equally true. The injury could not, as a matter of common sense, take place had it not been for the conduct in the county of origin. The mere fact of injury in Chicago could not be actionable without negligence somewhere, here (at least in part) in Warren County.

* * * *

**The words "occur or accrue" within the statute are at least broad enough to include the place where the injury is inflicted, but this does not and cannot exclude the place where substantial parts of the injury-causing conduct occurred . . .**

*Flight Line,* 608 So. 2d at 1156-1157 (emphasis added).

¶10. We have recognized that "[a] cause of action accrues only when it comes into existence as an enforceable claim," defining "accrue" to mean when the right to sue becomes vested. *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss. 1990); *Rankin v. Mark*, 238 Miss. 858, 120 So. 2d 435 (1960); *Aultman v. Kelly*, 236 Miss. 1, 109 So.2d 344 (1959); *Walley v. Hunt*, 212 Miss. 294, 54 So. 2d 393 (1951); *Forman v. Mississippi Publishers Corp*., 195 Miss. 90, 14 So. 2d 344 (1943). Thus, we explained in *Owens-Illinois,*

> a cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made. *Euclid-Miss. v. Western Cas. & Sur. Co*., 249 Miss. 547, 163 So. 2d 676 (1964); *Boydstun v. Pearson*, 239 Miss. 479, 123 So. 2d 621 (1960); and *Miller v. Fowler*, 200 Miss. 776, 28 So. 2d 837 (1947); *Estate of Kidd v. Kidd*, 435 So. 2d 632, 635 (Miss. 1983). To the same effect is *Smith v. Temco, Inc*., 252 So. 2d 212, 216 (Miss. 1971), which states that "the tort is not complete until the injury occurs . . . ."

*Id.* at 706-707. In essence, "[t]his may well mean the moment injury is inflicted, the point in space and time when the last legally significant fact is found." *Flight Line,* 608 So.2d at 1156. Thus, in this case, the "last legally significant fact" is that the infant, Sandra Puckett, died on December 31, 1991 in Leake County, Mississippi. Without that fact, there would be no enforceable wrongful death action. Since the cause of action accrued in Leake County, venue there is proper.

¶11. *Flight Line* is instructive, too, in its interpretation of the term "occur." Analyzing the venue options provided by § 11-11-3, we stated that:

> [T]here is nothing in the phrase "where the cause of action may occur . . ." that limits the judicial search for but a single county. Torts arise from breaches of duties causing injuries, and it is common experience that breach and causation and impact do not always happen at once. [footnote omitted] At the very least, the word "occur" connotes each county in which a substantial component of the claim takes place . . .

*Id.* at 1157. In the case *sub judice,* the breach and causation occurred in Hinds County. The most substantial component of the wrongful death cause of action, however, Sandra's death, occurred in Leake County. Thus, nothing in the facts of this case would limit venue to Hinds County. Therefore, whether venue

is based on where the cause of action "occurred" or where it "accrued," it is proper, in a wrongful death action, where the decedent died, as well as in the county where the act(s) of negligence that caused the death occurred.

III.

¶12. "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained [footnote omitted] unless in the end there is no credible evidence supporting the factual basis for the claim of venue. [citations omitted] Put otherwise, the court at trial must give the plaintiff the benefit of the reasonable doubt, and we do so on appeal as well." *Flight Line,* 608 So. 2d at 1155. Our case law recognizing that the terms "occur" and "accrue" are not synonymous is consistent with the legislature's use of the disjunctive "or" in Miss. Code Ann. § 11-11-3. Indeed, the language of the statute acknowledges that venue may be proper in more than one county. In promulgating our Mississippi Rules of Appellate Procedure, this Court further has yielded to the legislature's prerogative in matters of venue, allowing it to create a level playing field for both plaintiffs and defendants without encouraging forum shopping. Moreover, our decisions in wrongful death statute of limitations cases support the notion that venue is proper both where the alleged act of negligence occurred as well as the where death occurred. Accordingly, we recognize that venue is as much a valuable right to the plaintiffs as it is to the defendants, and affirm the finding of the circuit court that venue was proper in Leake County.

¶13. **JUDGMENT IS AFFIRMED.**

**SULLIVAN, P.J., PITTMAN, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, P.J.**

**BANKS, JUSTICE, DISSENTING:**

¶14. While the majority opinion fits nicely with our precedents construing the term accrue for temporal purposes, I disagree with the application of those precedents to the issue at hand.

¶15. Our wrongful death statute found in Mississippi Code Ann. § 11-7-13 of 1972 (Supp. 1993) provides in part:

> Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission . . . as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof . . . and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages . . . .

¶16. The wrongful death statute contains no venue provision, and, therefore, the general venue statutory provision contained in Miss. Code Ann. § 11-11-3 of 1972 (Supp. 1995) should control. This code provision provides in part:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may

occur or accrue and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county where the cause of action may occur or accrue . . . .

¶17. This is a case of first impression which requires statutory construction due to the ambiguity stemming from the phrase "occur or accrue." While a variety of cases address the term "accrue" as used in the venue statute, we have not answered the question whether a wrongful death action accrues, for venue purposes, where the decedent dies or where the alleged wrongful act was committed.

¶18. This Court has held that statutes should be given a reasonable construction, and if susceptible of more than one interpretation, they must be given that which will best effectuate their purpose rather than one which would defeat it. *Brady v. John Hancock Mut. Life Ins. Co.*, 342 So. 2d 295 (Miss. 1977); *Aikerson v. State*, 274 So. 2d 124 (Miss. 1973) (holding that the Supreme Court will not only interpret words used, but will consider purpose and policy which legislature had in view in enacting law). Where a popular word used in a statute is given no statutory definition, the word must be accepted in its popular sense, and the court must attempt to glean the legislative intent from the statute. *Lambert v. Ogden*, 423 So. 2d 1319 (Miss. 1982); *see also* *Quarles v. St. Clair*, 711 F.2d 691 (5th Cir. 1983) (statute should ordinarily be interpreted according to its plain language, unless clear or contrary legislative intention is shown); *River Valley Water Supply Dist. v. Hinds County*, 445 So. 2d 1330 (Miss. 1984) (words of statute or act should be ascribed their ordinary and usual meaning). Yet, a statute must be read sensibly, even if doing so means correcting the statute's literal language. *Ryals v. Pigott*, 580 So. 2d 1140 (Miss. 1990), *cert. denied, O'Quinn v. Ryals*, 112 S.Ct. 377 (1991); *Aikerson v. State*, 274 So. 2d 124 (Miss. 1973) (holding that in construing statutes of doubtful meaning, the Supreme Court is required to consider consequences of a particular construction as to whether the result of such construction is good or bad).

¶19. Whatever the legislature says in the text of the statute is considered the best evidence of the legislative intent. *Isbrantsen Co. v. Johnson*, 343 U.S. 779 (1952). Our legislature has failed to define "accrue" for the purposes of venue. This Court has defined "accrue" in its formalistic sense, as a cause of action coming into existence as an enforceable claim; that is, when the right to sue becomes vested. *Flight Line Inc. v. Tanksley*, 608 So. 2d 1149, 1156 (Miss. 1992) (citing *Forman v. Mississippi Publisher's Corp.*, 195 Miss. 90, 104, 14 So. 2d 344, 346 (1943)). As to when this right actually becomes vested, this Court suggested that "[t]his may well mean the moment injury is inflicted, that point in space and time when the last legally significant fact is found." *Flight Line*, 608 So. 2d at 1156.

¶20. As argued by the Pucketts, the legislature's use of the disjunctive "or" in the statute may be an indication that the legislature has anticipated that a tort may occur in one county but accrue in another. I agree that this interpretation is not unreasonable. Indeed, this Court has recognized that "'occur' and 'accrue' are not synonymous, legally or otherwise, as the disjunctive connector forthrightly suggests." *Flight Line*, 608 So. 2d at 1156. *Flight Line* does not favor us with an example as to how a "cause of action" can "occur" without also accruing. It treats a situation where causation and injury occur at different times and in different places. One, and perhaps the only situation is the instant one, in which a cause of action does in fact occur at the moment of the injury and accrue to the injured person and later upon death, accrues to the beneficiary. In such cases, the statute does not dictate that "occur or accrue" be read cumulatively. That is, one possible meaning is that, for wrongful death claims, the term "occur," referring to causation and injury, fixes the place of venue.

¶21. In looking to the general scheme of the venue statute, the legislature attempts to ensure that the defendant be sued in the place where she lives. Miss. Code Ann. § 11-11-3 of 1972 (Supp. 1995). However, if the defendant leaves the place where she lives and causes an injury in another place, the "occur or accrue" language suggests that she should be held to answer for her wrongful conduct there. *Id*.

¶22. In determining the proper forum in which to bring a wrongful death action under Miss. Code Ann. § 11-11-3 of 1972 (Supp. 1995), fixing venue where the cause of action occurred or accrued, it cannot be ignored that the gravamen of the wrongful death statute appears to be the negligent act or omission, and not the death itself. *Gaboury v. Flagler Hospital, Inc.*, 316 So. 2d 642 (Fla. Dist. Ct. App. 1975). However, it goes without saying that, as statutory beneficiaries, the Pucketts could not bring a wrongful death suit until Sandra died. *Sweeney v. Preston*, 642 So. 2d 332 (Miss. 1994); *Gentry v. Wallace*, 606 So. 2d 1117 (Miss. 1992). Thus, the cause of action "accrues" to the statutory beneficiaries when the death occurs. However, this "accrual" speaks to time, rather than place, which is the material aspect of venue. A constituent element of this statutory cause of action is the common law cause of action which had already accrued to the deceased at the time and place of occurrence of injury. Miss. Code Ann. § 11-7-13 (1972).

¶23. Other jurisdictions are split with regard to whether the proper venue for a wrongful death cause of action is in the place where the decedent died or where the negligent act or omission causing the death was committed. For example, in states such as Florida, Missouri, and Michigan the courts have ruled that the proper venue for a wrongful death cause of action is in the county where the wrongful act occurred. *See Gaboury v. Flagler Hospital Inc.*, 316 So. 2d 642 (Fla.App. 1975); *Johnson v. Simongton*, 457 N.W. 2d 129 (Mich. App. 1990); *Gerber v. Mayfield*, 281 S.W. 2d 295 (Mo. 1955); *Dzur v. Gaertner*, 657 S.W. 2d 35 (Mo. Ct. App. 1983). Montana, on the other hand, has held that a wrongful death action accrues for venue purposes in the place where death actually occurs. *See Gabriel v. School Dist. No. 4, Libby*, 870 P.2d 1351 (Mont. 1994).

¶24. In *Vancouver S.S. Co. v. Rice*, 288 U.S. 445 (1933), the United States Supreme Court considered the question of whether a cause of action is within admiralty jurisdiction, when the decedent has died on land from an injury sustained while in navigable waters. The Supreme Court held that "[t]he right to recover for death depends upon the law of the place of the act or omission that caused it and not upon that of the place where death occurred." *Vancouver S.S. Co*., 288 U.S. at 446-47 (citing *Van Doren v. Pennsylvania R. Co.*, 93 F. 260, 264 (3d Cir. 1899)). The Supreme Court reasoned that "[t]he substance and consummation of the occurrence which resulted in intestate's death and so gave rise to respondent's cause of action took place of the deck of the ship lying in navigable waters." *Vancouver S.S. Co.,* 288 U.S. at 488. Also, in *Smith & Son v. Taylor*, 276 U.S. 179 (1928), where a longshoreman working upon the land assisting in the unloading of a ship was struck by a sling of cargo and knocked into the water where he died, the Supreme Court held that "the state compensation act and not the maritime law governed." *Id.* at 181. In that case, the defendant conceded that the state law would apply had the decedent expired on land, but because there was no claim for injuries sustained on land, and that as the suit was solely for death, the case was exclusively within the admiralty jurisdiction. *Id.* The Supreme Court rejected that argument and stated that "[t]he blow by the sling was what gave rise to the cause of action. It was given and took effect while the deceased was upon the land. It was the sole immediate and proximate cause of his death." *Id.*

¶25. *Vancouver S.S. Co.* and *Smith & Son* are, of course, distinguishable from the case at bar. In these cases, the issue involved a choice of laws and not venue. Both issues, however, have to do with place

rather than time. As such they are much more analogous to today's circumstances than cases having to do with statutes of limitations. In my view, the adoption of the rationale of these two cases is justified also by underlying policy reasons.

¶26. To embrace an interpretation of the statute which defines "accrued" as the place where the decedent dies encourages forum shopping, something this and other courts have historically discouraged. *In Interest of C.K.*, 642 So. 2d 1346 (Miss. 1994) (dissenting opinion); *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987); *White v. Malone Properties, Inc.*, 494 So. 2d 576 (Miss. 1986) (concurring opinion); *Walters v. Inexco Oil Co.,* 440 So. 2d 268 (Miss. 1983); *Erie Rail Road Co. v. Tompkins*, 304 U.S. 64 (1938). It is not so far-fetched to imagine a situation in which a beneficiary may move one who has been fatally wounded in one county, to another county to die simply because they perceive the latter county as more sympathetic to their claim. This is not only unseemly but, as the *Forman* Court recognized, it is also unfair.

¶27. Another consequence of today's ruling is that counties with medical centers become places of proper venue for wrongful death actions when the deceased expires in a hospital, regardless of the place of occurrence of the injury or the residence of either defendant or plaintiff.

¶28. For the foregoing reasons, I would hold that proper venue under the wrongful death statute under the occur or accrue provision of our venue statute lies in the county where the initial injury arising from the wrongful act complained of occurs.

**PRATHER, P.J., JOINS THIS OPINION.**