SMITH, Justice,
for the Court:
This wrongful death cause of action was filed in Leake County, Mississippi, the county in which Sandra L. Puckett died. Dr. Beverly A. McMillan and Mississippi Baptist Medical Center (MBMC) filed a motion for a change of venue in the lower court. The trial judge denied the motion finding that the wrongful death action accrued in Leake County, Mississippi.
McMillan filed a motion requesting certification for an interlocutory appeal of the trial judge’s order and a motion to stay further proceedings. MBMC joined McMillan’s motion. The trial judge denied certification and the motion to stay.
Dr. Beverly A. McMillan filed a petition for interlocutory appeal and stay of all proceedings in the circuit court with the clerk of this Court. Mississippi Baptist Medical Center filed a motion to join McMillan’s petition. The Pucketts filed a brief in opposition to the petition.
On March 11, 1994, the petitioners provided the Court with supplemental authority by letter pursuant to Miss.Sup.Ct.R. 28(j). The petitioners noted that this Court granted an interlocutory appeal and a stay based on the same question at issue in the case at hand. See Burgess v. Lucky, No. 92-IA-0262 (Order entered June 3, 1992).
The case is set for trial on May 4, 1994.

STATEMENT OF FACTS

On June 29, 1991, Tamara L. Puckett went into labor and was admitted to MBMC where she was examined and treated by Dr. McMillan. While Dr. McMillan was off the premises, Tamara developed fetal distress which continued through the delivery of her child, Sandra L. Puckett. The Pucketts claim that Sandra was born with cerebral palsy as a result of the fetal distress.
On December 31, 1991, approximately 6 months after her birth, Sandra died in Leake County, Mississippi. Thomas and Tamara Puckett brought this wrongful death claim on behalf of the wrongful death beneficiaries of Sandra L. Puckett. The Pucketts brought suit in Leake County based on Miss.Code Ann. § 11-11-3.
In the lower court, the Petitioners filed a motion for a change of venue on the basis that the acts complained of did not occur or accrue in Leake County. On August 20, 1993, the lower court entered an order denying the Petitioners’ motion. On October 7, 1993, the Petitioners requested that the lower court certify the issue for interlocutory appeal and stay any further proceedings pending appeal. On February 7, 1994, the lower court denied both requests and Dr. McMillan filed a petition for interlocutory appeal and stay with this Court on February 18, 1994. MBMC filed a motion to join the petition and motion for stay on February 22, 1994.

DISCUSSION

The general venue statute, Section 11-11-3 of the Mississippi Code Annotated, provides, “Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue ... except where otherwise provided.... ” (emphasis added) The petitioners contend that venue in this case is only proper in Hinds County because Dr. McMillan is an adult resident of Hinds County, MBMC is a corporation domiciled in Hinds County, and the cause of action occurred and accrued in Hinds County.
The Petitioners contend that there is a distinction between when an action accrues and where an action accrues. Although a cause of action for wrongful death accrues on the date of death for statute of limitations purposes, Gentry v. Wallace, 606 So.2d 1117, *759 1123 (Miss.1992), this Court has not determined whether a wrongful death action accrues for venue purposes in the county where the person actually dies. A review of other jurisdictions in which a general venue statute applies in wrongful death cases reveals that there is no consistent treatment of this issue. See R.D. Hursh, Annotation, Venue of Wrongful Death Action, 36 A.L.R.2d 1146 (1954).
The Petitioners have presented this Court a question of law about which there is a substantial basis for a difference of opinion. This Court has accepted venue questions on interlocutory appeal. See Forrest County General Hospital v. Conway, No. 93-M-639 (Order entered March 17, 1994); Missouri Pacific R. Co. v. Tircuit, 554 So.2d 878 (Miss. 1989). As noted above, this Court has already granted an interlocutory appeal in Burgess v. Lucky, No. 92-IA-262 (Order entered June 3, 1992), on the exact same issué. In order to “[rjesolve an issue of general importance in the administration of justice[,]” Miss.Sup.Ct.R. 5(a)(3), “resolve conflicts among trial courts in such cases,” and “pro-motet ] uniformity and fairness to litigants[,]” Comment, Miss.Sup.Ct.R. 5, this Court finds that the petition for interlocutory appeal and stay of lower court proceedings should be granted. The Court further finds that the interlocutory appeal should be expedited for consideration on the merits.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion.
McRAE, J., dissents with separate written opinion joined in part by DAN M. LEE, P.J.