McRAE, Justice
dissenting:
This matter'came before the Court sitting en banc on the petitioners’ request for an interlocutory appeal and a stay of all trial court proceedings pursuant to Miss.S.Ct.R. 5. This Court found the petition meritorious and granted the interlocutory appeal, thus staying all lower court proceedings until the interlocutory appeal is decided.
I, however, would deny this petition since it does not meet the irreparable injury requirement of Miss.S.Ct.R. 5 as alleged by the defendants. This case involves a wrongful death action where the claim accrued in Leake County and since Miss.Code Ann. § 11-11-3 (Supp.1993) allows one to bring a cause of action in the county where the cause of action accrues, the plaintiffs choice of venue, Leake County, was correct. Accordingly, I dissent.
Sandra L. Puckett was born in Hinds County, Mississippi. She suffered fetal distress during her delivery at the Mississippi Baptist Medical Center, and, as a result, procured cerebral palsy. On December 31, 1991, approximately six months later, Sandra died in Leake County, Mississippi. Sandra’s parents commenced a wrongful death suit against Sandra’s doctor and the Mississippi Baptist Medical Center in Leake County pursuant to Miss.Code Ann. § 11-11-3 (Supp. 1993). The defendants filed a motion for a change of venue in the lower court requesting that the suit be brought in Hinds County, Mississippi. The trial court, however, denied the motion finding that the cause of action accrued in Leake County, the place where Sandra died. The defendants filed a petition for interlocutory appeal and a stay of all proceedings in the circuit court arguing that venue was not proper in Leake County but was proper in Hinds County where the alleged medical negligence occurred.
In their motions, defendants alleged that irreparable injury would exist if they had to retry the case in another county. Today’s order which grants an interlocutory appeal opens the floodgates for all parties who desire such action, and, as for now, this Court, in effect, cannot deny interlocutory appeals *760 based on irreparable injury since any party can claim irreparable injury based on the necessity of a retrial.
Rule 5 of the Mississippi Supreme Court Rules provides in pertinent part:
An appeal from an interlocutory order may be sought if the order grants or denies certification by the trial court that a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
(2) Protect a party from substantial and irreparable injury; or
(3) Resolve an issue of general importance in the administration of justice.
The petitioners claimed that irreparable injury existed because the case would be tried in the wrong venue, and, unfortunately, this Court bought into their argument. To. assert that retrying a case constitutes irreparable harm is ludicrous. The majority reasons that this interlocutory appeal is meritorious since we have before on occasion entertained venue questions on interlocutory appeal. However, two wrongs do not make a right, and the Comment to Miss.S.Ct.R. 5 provides:
The standards for granting interlocutory appeal are based on existing law. Appeal will not be permitted except to resolve a question of law, and this includes the application of law to fact. There must be a substantial basis for a difference of opinion with the trial court.
The majority claims that there is a substantial basis for a difference of opinion as to where proper venues lies because we have not determined where wrongful death actions accrue for purposes of venue. Having reviewed the applicable law, there is no question of law that needs resolving or any basis for a difference in opinion between this Court and the trial court. It is quite obvious that the trial court’s decision will not be reversed in light of the plain reading of Miss.Code Ann. § 11-11-3 which provides that venue is appropriate where an action may occur or accrue. Miss.Code Ann. § 11-11-3 (1993).
In the recent case of Gentry v. Wallace, 606 So.2d 1117 (Miss.1992), we found, for purposes of statute of limitations, that a plaintiffs wrongful death action accrues at the date of the death of the decedent. Gentry, 606 So.2d at 1123. No distinction can be drawn between when an action accrues and where an action accrues. Sandra’s heirs’ claims accrued on the date of Sandra’s death, and on the date of Sandra’ death, she was in Leake County. This Court’s underlying purpose for determining the definition of accrue in wrongful death actions is of no importance. What is important is that we have plainly held that a wrongful death action, which the majority admits this cause of action is, accrues at the date of the decedent’s death. The cause of action may be brought in Leake County, and, therefore, it is not proper for this Court to grant an interlocutory appeal.
Moreover, it is of interest that when a criminal defendant’s liberty interest in involved, this Court has virtually abolished interlocutory appeals. In Beckwith v. State, 615 So.2d 1134 (Miss.1992), we refused to entertain an interlocutory appeal in the criminal setting and provided:
It is simply carrying Rule 5 too far to hold that a majority of this Court has the authority to intervene and interpose ourselves into a circuit court criminal trial, stop all proceedings, and order the discharge of a criminal defendant to protect an alleged violation of a right that can be addressed, and if violated, fully vindicated on appeal.
Beckwith, 615 So.2d at 1144.
It is obtuse for this Court to find irreparable injury where a party merely claims that venue is incorrect but also find no existence of irreparable harm where a criminal defendant’s constitutional due process rights are in question. I would deny the petition for interlocutory appeal because the irreparable injury element has not been met. Secondly, the plain reading of Mississippi’s venue statute, Miss.Code Ann § 11-11-3 (Supp.1993), and case law allows the cause of action to be filed in Leake County.
DAN M. LEE, P.J., joins this opinion in part.